1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

12 DAVID RODOLA,                    )      Case No. CV 20-02900-JEM
                                    )
13               Plaintiff,         )
                                    )      MEMORANDUM OPINION AND ORDER
14          v.                      )      AFFIRMING DECISION OF THE
                                    )      COMMISSIONER OF SOCIAL SECURITY
15 ANDREW M. SAUL,                  )
   Commissioner of Social Security, )
16                                  )
                 Defendant.         )
17 _____   )

18                              **PROCEEDINGS**

19       On March 27, 2020, David Rodola ("Plaintiff" or "Claimant") filed a complaint seeking

20 review of the decision by the Commissioner of Social Security ("Commissioner") denying

21 Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental

22 Security Income benefits.  (Dkt. 1.)  The Commissioner filed an Answer on July 27, 2020.  (Dkt.

23 16.)  On October 29, 2020, the parties filed a Joint Stipulation ("JS").  (Dkt. 16.)  The matter is

24 now ready for decision.

25       Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

26 Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

27 the Court concludes that the Commissioner's decision must be affirmed and this case

28 dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50 year-old male who applied for Social Security Disability Insurance benefits on October 30, 2015, and Supplemental Security Income benefits on October 21, 2015, alleging disability beginning June 16, 2010.  (AR 35.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 16, 2010, the alleged onset date.  (AR 37.)

Plaintiff's claims were denied initially on September 16, 2016.  (AR 35.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Bruce T. Cooper on April 30, 2018, in Pasadena, California.  (AR 35.)  A supplemental hearing was also held on December 28, 2018, in Pasadena, California.  (AR 35.)  Plaintiff appeared and testified at both hearings and was represented by counsel.  (AR 35.)  Vocational expert ("VE") Carmen Roman also appeared and testified at both hearings.  (AR 35.)

The ALJ issued an unfavorable decision on June 29, 2019.  (AR 35-45.)  The Appeals Council denied review on January 27, 2020.  (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.     Whether the ALJ provided specific and legitimate reasons to reject the opinion of the treating doctor.

2.     Whether the ALJ provided clear and convincing reasons to reject the subjective limitations of Plaintiff.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

1   Substantial evidence means "'more than a mere scintilla,' but less than a

2  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

3  Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

4  reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at

5  401 (internal quotation marks and citation omitted).

6   This Court must review the record as a whole and consider adverse as well as

7  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

8  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

9  upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

10  "However, a reviewing court must consider the entire record as a whole and may not affirm

11  simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882

12  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

13  F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

14

15   The Social Security Act defines disability as the "inability to engage in any substantial

16  gainful activity by reason of any medically determinable physical or mental impairment which

17  can be expected to result in death or . . . can be expected to last for a continuous period of not

18  less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-

19  step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520,

20  416.920.

21   The first step is to determine whether the claimant is presently engaging in substantial

22  gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

23  in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137,

24  140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

25  combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not

26  significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must

27  determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

28  Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen,

482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001).  Before making the step four determination, the ALJ first must determine the claimant's

residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant

evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the

claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

        If the claimant cannot perform his or her past relevant work or has no past relevant work,

the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

consistent with the general rule that at all times the burden is on the claimant to establish his or

her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

demonstrating that other work exists in significant numbers in the national economy that the

claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

§ 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

entitled to benefits.  Id.

## THE ALJ DECISION

        In this case, the ALJ determined at step one of the sequential process that Plaintiff has

not engaged in substantial gainful activity since June 16, 2010, the alleged onset date.  (AR

37.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar and cervical spine, borderline intellectual functioning/organic mental disorder, and right knee/ankle osteoarthritis.  (AR 37-38.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 38-39.)

The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; he
> can sit for 6 hours in an eight-hour workday but no more than 2 hours at a time;
> he can stand and/or walk for 2 hours in an eight-hour workday, no more than 1
> hour at a time; he can push and/or pull as much as he can lift and/or carry; he can
> operate foot controls with the right foot occasionally; he can operate foot controls
> with the left foot occasionally; he can never climb ladders, ropes or scaffolds; he
> can perform all other postural activities occasionally; he can never work at
> unprotected heights or around moving mechanical parts; he must be allowed to
> use a cane; he is limited to simple routine tasks; and he is able to make simple
> work related instructions.

(AR 39-43.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record.  (AR 40.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker.  (AR 43-44.)  The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of addresser clerk, toy stuffer, and table worker.  (AR 44-45.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act.  (AR 45.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence.  The ALJ properly discounted Plaintiff's subjective symptom allegations.  The ALJ's RFC is supported by substantial evidence.

**I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ erred in giving little weight to Plaintiff's pain management physician, Dr. Ben Shwachman.  The Court disagrees.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

1 treating physician's opinion is contradicted by another doctor, such as an examining physician,

2 the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

3 supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

4 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

5 physician's opinion is contradicted by an examining professional's opinion, the Commissioner

6 may resolve the conflict by relying on the examining physician's opinion if the examining

7 physician's opinion is supported by different, independent clinical findings.  See Andrews v.

8 Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

9 uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

10 reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

11 opinion is contradicted by another physician's opinion, an ALJ must provide specific and

12 legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

13 by itself constitute substantial evidence that justifies the rejection of the opinion of either an

14 examining physician or a treating physician"; such an opinion may serve as substantial

15 evidence only when it is consistent with and supported by other independent evidence in the

16 record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

17     **B.**    **Analysis**

18        The ALJ determined that Plaintiff has the medically determinable impairments of

19 degenerative disc disease of the lumbar and cervical spine, borderline intellectual functioning,

20 and right knee and ankle osteoarthritis.  (AR 37.)  Plaintiff claims he cannot lift anything over

21 ten pounds or stand and sit for long periods of time, and cannot walk more than 20 minutes

22 before having to rest for 20-30 minutes.  (AR 40.)  Notwithstanding these impairments and

23 alleged limitations, the ALJ assessed Plaintiff with a reduced range sedentary RFC (AR 39)

24 and determined that Plaintiff can perform work in the national economy.  (AR 45.)  Thus, the

25 ALJ concluded that Plaintiff was not disabled from the alleged onset date of June 16, 2010 (AR

26 35), through the date of decision on January 29, 2019.  (AR 45.)

27        Plaintiff relies primarily on the February 26, 2018 RFC of pain management physician

28 Dr. Ben Shwachman.  (AR 43, 688-692.)  Dr. Shwachman opined that Plaintiff could sit less

7

than 2 hours in a workday, stand less than 2 hours in a workday, and lift less than 10 pounds. (AR 690-691.)  He also opined that Plaintiff would need unscheduled breaks 2 times every 2 hours.  (AR 691.)  Dr. Shwachman further opined that Plaintiff would miss work more than 4 days per month due to his impairments.  (AR 692.)  The ALJ also noted a follow-up visit with Dr. Shwachman where Plaintiff was found to have some atrophy in the right thigh.  (AR 42.)

The ALJ gave Dr. Shwachman's opinion little weight for several reasons.  First, the ALJ found Dr. Shwachman's RFC assessment to be "inconsistent with the other medical opinions in the record."  (AR 43.)  The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  The ALJ gave "great weight" to the May 18, 2018 opinion of independent medical expert Dr. Dorothy Leong.  (AR 42, 740-750.)  She reviewed all of the medical evidence of record, including the opinion and treatment records of Dr. Shwachman.  (AR 42, 749-750.)  She opined that Plaintiff was capable of light level lifting, 2 hours standing and walking, and 6 hours sitting in an 8 hour workday.  (AR 42, 750.)  She also opined that Plaintiff did not require use of an assistive device for ambulation.  (AR 38, 741, 745.)  Plaintiff notes that the opinion of a non-examining physician cannot by itself constitute substantial evidence (JA 9-10), but such an opinion may serve as substantial evidence when it is consistent with and supported by other independent evidence of record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600; Thomas, 278 F.3d at 957 ("The opinions of non-treating and non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings and other evidence in the record").  Here, the ALJ specifically found that Dr. Leong's opinion is well supported by the objective medical evidence (discussed below).  (AR 42.)  Dr. Leong's opinion constitutes substantial evidence for rejecting the opinion of Dr. Shwachman.  Plaintiff offered no other comment on Dr. Leong's opinions.

The ALJ also gave "some weight" to the August 27, 2016 consulting opinion of orthopedist Dr. Richard Pollis.  (AR 43, 616-625.)  He opined that Plaintiff can perform light exertion, lifting and carrying 20 pounds occasionally and 10 pounds frequently.  (AR 43, 620.)  He also opined that Plaintiff can stand and walk two hours and sit for six hours out of an 8-hour

1 | workday, with occasional postural limitation.  (AR 43, 620.)  Plaintiff criticizes Dr. Pollis's

2 | opinion as based on one MRI record, but the ALJ found that it is "generally consistent with the

3 | record as a whole and with Dr. Leong's opinion."  (AR 43.)

4 |      The second reason the ALJ rejected Dr. Shwachman's opinion is that it is "inconsistent

5 | with his own treatment notes."  (AR 43.)  An ALJ may reject a treating physician's opinion that

6 | is unsupported by or in inconsistent with his or her treatment notes.  Valentine v. Comm'r Soc.

7 | Sec. Adm., 574 F.3d 685, 692-93 (9th Cir. 2009); Batson v. Comm'r, 359 F.3d 1190, 1195 n.3

8 | (9th Cir. 2004); Bayliss, 427 F.3d at 1216.  Dr. Shwachman's progress reports do not report

9 | abnormal, disabling limitations that would preclude all work.  (AR 693-724.)  The progress

10 | reports do indicate impairments and limitations, but an impairment must result in functional

11 | limitations that preclude work.  Pinto, 249 F.3d at 844-45; Moore, 216 F.3d at 869.  There is no

12 | way to square Dr. Shwachman's progress reports with his RFC.  (AR 688-692.)

13 |      The ALJ's third reason for rejecting Dr. Shwachman's opinion is not supported by the

14 | record.  The ALJ stated that Dr. Shwachman's treatment notes show "infrequent visits."  (AR

15 | 43.)  Dr. Shwachman's treatment notes show regular visits every three months.  (AR 693-724.)

16 | The Commissioner does not address this reason for rejecting Dr. Shwachman's opinion.  The

17 | Court rejects it as a reason for doing so.  The error is harmless, however, as the other reasons

18 | given by the ALJ above are sufficient to support his rejection of Dr. Shwachman's opinion.  See

19 | Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error harmless if inconsequential to

20 | the ultimate nondisability determination); see also Carmickle v. Comm'r Soc. Sec. Adm., 533

21 | F.3d 1155, 1162-63 (9th Cir. 2008) ("[T]he relevant inquiry . . . is whether the ALJ's decision

22 | remains legally valid, despite [any] error.").

23 |      The ALJ's fourth reason for rejecting Dr. Shwachman's opinion is that he only provided

24 | Plaintiff with "routine and conservative treatment."  (AR 43.)  Plaintiff contends that the epidural

25 | injections and narcotic pain medications he has received should not be considered

26 | conservative treatments.  Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014)

27 | (epidurals); Revels v. Berryhill, 874 F.3d 648, 667 (9th Cir. 2018) (epidural injections and strong

28 | pain medications like Percocet).  In this case, there was but one epidural.  (JS 8.)  Plaintiff's

1 overall treatment arguably was conservative, consisting of strong pain medications such as

2 Percocet and Soma (AR 709, 720). Cuellar v. Saul, 2020 WL 1234187, at *5 (C.D. Cal. Mar.

3 13, 2020) (despite two close in time epidural injections, overall treatment was conservative).

4 There is no definitive Ninth Circuit decision on whether narcotic medications like Percocet

5 should be treated as conservative. Cases like Revels tend to consider epidurals and narcotic

6 medications together. There are some district court decisions that specifically find narcotic pain

7 medications are not conservative. See, e.g., O'Connor v. Berryhill, 355 F. Supp. 3d 972, 985

8 (W.D. Wash. 2019). None of the cases, however, offer any thorough analysis of the issue.

9 Over-the-counter medication is considered conservative. Parra, 481 F.3d at 750-51. No case

10 this Court found, however, considered that, unlike epidural injections which are invasive,

11 narcotic medications are not. They are taken in pill form. The Ninth Circuit has held that

12 impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc.

13 Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Neither Dr. Shwachman nor Plaintiff, moreover,

14 indicated any side effects from the narcotic medications prescribed. One might well regard

15 these medications as conservative treatment. One might reasonably doubt that the Ninth

16 Circuit will declare that all narcotic pain medications that enable a claimant to tolerate pain, to

17 engage, and to work are not conservative. The Commissioner did not address the issue. Nor

18 will the Court because, even if narcotic medications are not conservative treatment, the ALJ's

19 first two reasons for rejecting Dr. Shwachman's opinion are sufficient.

20       Plaintiff disputes the ALJ's rejection of Dr. Shwachman's opinion, but it is the ALJ's

21 responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

22 Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is

23 here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir.

24 2001).

25       The ALJ rejected Dr. Shwachman's opinion for specific, legitimate reasons supported by

26 substantial evidence.

27

28

II. **THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

A. **Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

B. **Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 40.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 40.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

1        First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with

2   the objective medical evidence and the clinical and diagnostic findings in the record.  (AR 43,

3   40.)  An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate

4   a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's

5   subjective symptom allegations.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

6   Here, there is little evidence of treatment from June 16, 2010, through 2014.[1]  (AR 40-41.)  For

7   the 2014-2019 period, the ALJ cited to multiple physical examinations that demonstrated less

8   than disabling impairments and limitations.  (AR 40-41.)  Dr. Shwachman's progress reports

9   showed less than disabling impairments and limitations.  (AR 712, 714, 716, 718, 720.)  Other

10  physical examinations revealed similar findings.  (AR 565, 574.)  Later reports also showed

11  non-disabling symptoms.  (AR 605, 618-19, 658.)  The opinions of Dr. Leong and Dr. Pollis also

12  support the ALJ's RFC.

13       Second, the ALJ found that Plaintiff's daily activities are inconsistent with disabling

14  limitations (AR 40), which is a legitimate consideration in evaluating credibility.  Bunnell, 947

15  F.2d at 345-46.  Here, Plaintiff alleges disabling functional limitations yet was able to do normal

16  activities such as sweeping, preparing meals, cooking, going outside alone, shopping in stores,

17  managing his finances, and taking care of his dog.  (AR 40, 439-440.)  Dr. Leong found that

18  Plaintiff could perform activities such as: shopping; travel without a companion for assistance;

19  ambulate without a wheelchair, walker, 2 canes, or 2 crutches; walk a block at a reasonable

20  pace on rough or uneven surfaces; use public transportation; climb a few steps with a single

21  hand rail; prepare a simple meal; care for his personal hygiene; and sort/handle paper files.

22  (AR 745.)  Plaintiff contends that these abilities do not mean he can work a full day or week,

23  but the inconsistent activities prove that his alleged symptoms are not as severe as alleged.

24  See Valentine, 574 F.3d at 694.

25

---

26       [1] Plaintiff says he intended to change his onset date until the end of 2014 but at the hearing
27  the ALJ stated he would be using the June 16, 2010 date, to which Plaintiff replied, "Okay."  The
    ALJ asked counsel, "How does that sound?"  (AR 183.)  Counsel replied, "Sounds good."  (AR
28  183.)  (AR 181-183.)

1      The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing

2 reasons supported by substantial evidence.

3                              \* \* \*

4      The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

5 determination is supported by substantial evidence and free of legal error.

6                             **ORDER**

7      IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

8 Commissioner of Social Security and dismissing this case with prejudice.

9

10 DATED:  <u>November 6, 2020</u>               <u>     */s/ John E. McDermott*     </u>
                                                         JOHN E. MCDERMOTT

11                                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28